# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

Docket Number(s): **16-386**

Caption [use short title]

Motion for: **Disqualify Respondents' counsel.**

**Victorinox AG, et al**

vs.

**The B&F System, et al**

Set forth below precise, complete statement of relief sought:
**Entry of an order disqualifying Respondents' counsel.**

MOVING PARTY: **The B&F System and John Meyer**   OPPOSING PARTY: **Victorinox AG, Victorinox Swiss Army, Inc. and Wenger NA, Inc.**

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

MOVING ATTORNEY: **Douglas J. Steinke**   OPPOSING ATTORNEY: **Rory J. Radding**

[name of attorney, with firm, address, phone number and e-mail]

**Carroll McNulty & Kull, LLC**   **Locke Lord, LLP**

**570 Lexington Avenue, NY, NY 10022**   **200 Vesey St., NY, NY 10281**

**646-625-4000, dsteinke@cmk.com**   **212-912-2858, rory.radding@lockelord.com**

Court-Judge/Agency appealed from: **USDC SD District Judge Jed S. Rakoff**

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:
Has request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this Court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

Is oral argument on motion requested?   ☐ Yes ☑ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:_____

Signature of Moving Attorney:
**/s/ Douglas J. Steinke**   Date: **2/12/16**   Service by: ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev. 12-13)

# 16-386-cv

**UNITED STATES COURT OF APPEALS
FOR THE SECOND DISTRICT**

---

VICTORINOX AG, VICTORINOX SWISS ARMY, INC., and WENGER NA, INC.,

                        Plaintiffs-Respondents,

v.

THE B&F SYSTEM, INC. and JOHN D. MEYER, ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

                        Defendants-Appellants.

THE B&F SYSTEM, INC.,

                        Counterclaim Plaintiff-Appellant,

v.

VICTORINOX AG, VICTORINOX SWISS ARMY, INC., and WENGER NA, INC.,

                        Counterclaim Defendant-Respondents.

---

On Appeal from the United States District Court
For the Southern District of New York
Honorable Jed S. Rakoff

---

**MEMORANDUM OF LAW IN SUPPORT OF APPELLANTS'
MOTION TO DISQUALIFY RESPONDENTS' COUNSEL**

---

Christopher R. Carroll
Michael J. Tricarico
Douglas J. Steinke
CARROLL McNULTY & KULL LLC
570 Lexington Avenue, 8th Floor
New York, New York 10022
(212) 252-0004
ccarroll@cmk.com
mtricarico@cmk.com
dsteinke@cmk.com
*Attorneys for Movants-Appellants The B&F System, Inc. and John D. Meyer*

Joseph H. Lessem
Graubard Miller
The Chrysler Building
405 Lexington Avenue, 11th Floor
New York, NY 10174
(212) 818-8798
jlessem@graubard.com


## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND .............................................................................................................. 2

ARGUMENT .................................................................................................................... 5

LEGAL STANDARD ....................................................................................................... 5

LOCKE LORD SHOULD BE DISQUALIFIED FOR SIMULTANEOUSLY
REPRESENTING ADVERSE PARTIES WITHOUT THEIR CONSENT .................... 8

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITES

Cases

*Bd. of Educ. v. Nyquist,*
  590 F.2d 1241 (2d Cir. 1979) ................................................................. 7

*Cinema 5 Ltd v. Cinerama, Inc.,*
  528 F.2d 1384 (2d Cir. 1976) ................................................................. 5

*Emle Indus., Inc. v. Patentex, Inc.,*
  478 F.2d 562 (2d Cir. 1973) ................................................................... 7

*Fund of Funds, Ltd v. Arthur Andersen & Co.,*
  567 F.2d 225 (2d Cir. 1977) ............................................................... 5, 6

*Glueck v. Jonathan Logan, Inc.,*
  653 F.2d 746 (2d Cir. 1981) ................................................................... 6

*GSI Comm. Sols., Inc. v. BabyCenter, L.L.C.,*
  618 F.3d 204 (2d Cir. 2010) ................................................................... 6

*Hempstead Video, Inc. v. Incorporated Village of Valley Stream,*
  409 F.3d 127 (2d Cir. 2005) ................................................................... 5

*Hull v. Celanese Corp.,*
  513 F.2d 568, 572 (2d Cir. 1975) ........................................................... 7

*United States v. Nabisco, Inc.,*
  1987 WL 14085 (E.D.N.Y. July 10, 1987) ........................................... 7, 9

Rules

*Rule 27 of the Federal Rules of Appellate Procedure* ................................. 1

## PRELIMINARY STATEMENT

Defendants/Appellants The B&F System, Inc. ("B&F") and John D. Meyer ("Mr. Meyer", or collectively with B&F, the "Appellants") respectfully submit this Memorandum of Law in support of their Motion pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Local Rule 27.1 for entry of an Order disqualifying Plaintiffs' counsel Locke Lord LLP. B&F has been a client of the law firm Locke Liddell & Sapp n/k/a Locke Lord LLP (collectively, "Locke Lord") for many years until Locke Lord advised B&F in late December 2015 that it was terminating the attorney-client relationship and further advised B&F for the first time that it could no longer represent B&F due to an admitted conflict that Locke Lord never previously disclosed to B&F.

Namely, Locke Lord sued its own client, B&F, in this action on behalf of other clients, Plaintiffs/Respondents Victorinox AG and Victorinox Swiss Army, Inc. and Wenger NA, Inc. (collectively, the "Victorinox Parties"), without disclosing the conflict or seeking a waiver from B&F. By simultaneously representing both B&F on the one hand and the Victorinox Parties on the other, Locke Lord has acted in direct violation of ethical rules and controlling law governing attorney conduct. Permitting Locke Lord to continue to represent the Victorinox Parties in this action would not only undermine the integrity of the judicial process, it would also taint the proceedings going forward. Accordingly,

the Appellants respectfully request that this Court disqualify Locke Lord and require the Victorinox Parties to retain new counsel.

## BACKGROUND

This is an action brought by the Victorinox Parties against the Appellants in retaliation for an earlier trademark cancellation proceeding commenced by B&F against Victorinox before the U.S. Patent and Trademark Office regarding Victorinox's registration of pocketknife sides, or scales, that bear a specific shade of the color red catalogued by the RAL Classic system as "RAL 3003." In their suit, which was commenced before the United States District Court for the Southern District of New York, the Victorinox Parties asserted state and federal trademark claims against the Appellants. Initially, the Court below granted summary judgment in favor of the Victorinox Parties with respect to certain claims, and awarded treble damages totaling more than $7.9 million plus attorneys' fees, costs and interest. A true and correct copy of the initial Judgment, entered October 22, 2015, is annexed to the Declaration of Michael J. Tricarico (the "Tricarico Decl.") as Exhibit A. After the Appellants moved for reconsideration, the Court below reduced the Appellants' damages by nearly 80% but refused to correct other errors in the Judgment that will, in turn, be the subject of the Appellants appeal. See Memorandum Order entered December 15, 2015, a true and correct copy of which is annexed to the Tricarico Decl. as Ex. B. Thereafter,

2

the Court below entered an Amended Final Judgment on January 29, 2016, a true and correct copy of which is annexed to the Tricarico Decl. as Ex. C.

As set forth in the accompanying Declaration of William Meyer dated February 12, 2016 (the "Meyer Decl."), B&F retained attorney Roy W. Hardin of the Dallas law firm Locke Liddell & Sapp in or around January of 1999. (Meyer Decl. ¶4). Mr. Hardin practices law in Dallas and has been to B&F's Dallas offices on multiple occasions. (Id.). He has detailed knowledge as to the scope of B&F's operation, as well as the various products it sells, and the catalogs it has published. (Id.). As B&F's primary trademark attorney for many years, Mr. Hardin is intimately familiar with B&F's business. (Id.) Among other things, Mr. Hardin traveled on multiple occasions with B&F co-owner William Meyer to negotiate trademark agreements with other companies, including a knife manufacturer. (Id. at ¶5). Mr. Hardin also negotiated a trademark agreement with another entity and is listed in that agreement as the person to whom all notices to B&F are to be sent. (Id.) In addition, Mr. Hardin has prepared legal opinions for B&F regarding trademark and other intellectual property matters, including legal opinions regarding pocketknives. (Id. at ¶¶5-6). Mr. Hardin has also prepared applications on B&F's behalf for trademarks to the U.S. Patent and Trademark Office. (Id.).

As indicated in Mr. Hardin's correspondence of January 13, 2016, Mr. Hardin's representation of B&F has been and remains extensive, consisting of a host of separate matters enumerated in the January 13, 2016 letter as well as in a 96-page Client/Matter File Index List maintained by Locke Lord. (Id. at ¶11-13 and Ex. 3 thereto).

Mr. Hardin and Locke Lord continued to represent B&F until December 18, 2015, when Mr. Hardin terminated the attorney-client relationship because, according to Hardin, "a review of this firm's current relationship with the Company indicates to us that cessation of that representation is appropriate at this time." (Id. at ¶7 and Ex. 1 thereto).

Based upon the information that is publicly available, Locke Liddell & Sapp combined with the Chicago-based law firm Lord Bissell & Brook in 2007, and the resulting firm then became known as Locke Lord LLP. (See Tricarico Decl., Ex. D thereto). The Victorinox Parties were initially represented in this action by David Weild, Rory Radding, and H. Straat Tenney of Edwards Wildman Palmer LLP, who filed Plaintiffs' Complaint on June 28, 2013. (Id. at Ex. E.) Thereafter, on January 12, 2015, Edwards Wildman Palmer was officially merged into Locke Lord (the merger was apparently first announced in September 2014). (Id. at Ex. F). Locke Lord, through Mr. Weild, Mr. Radding and Mr. Tenney, has continued to represent the Victorinox Parties all the while in this action, and has been directly

4

adverse to Appellants B&F and John Meyer. (Id. at ¶5). At no time prior to December 18, 2015, was William Meyer, John Meyer, or anyone else at B&F ever advised that the firm that B&F had known as Locke Liddell & Sapp was representing the Victorinox Parties in a suit against B&F. (Meyer Decl. at ¶¶8-9.) Had B&F been advised of this conflict, it would not have consented to Locke Lord's representation of the Victorinox Parties. (Id. at ¶14).

## ARGUMENT

## LEGAL STANDARD

A lawyer's duty to his or her client "is that of a fiduciary or trustee," Cinema 5 Ltd v. Cinerama, Inc., 528 F.2d 1384, 1386 (2d Cir. 1976), and a client "has an absolute right to [a lawyer's] undivided loyalty," Fund of Funds, Ltd v. Arthur Andersen & Co., 567 F.2d 225, 233 (2d Cir. 1977). Representing one client in litigation against another client, without both clients' consent, is a prima facie ground for an attorney's disqualification. Cinema 5, 528 F.2d at 1386.

When the representation is concurrent, there is no requirement that the matters in which the attorney is adverse to his client be "substantial[ly] relat[ed]." Cinema 5, 528 F.2d at 1386; see also Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127, 133 (2d Cir. 2005). Rather, it is "'prima facie improper' for an attorney to simultaneously represent a client and another

5

party with interests directly adverse to that client." Hempstead, 409 F.3d at 133; see also Fund of Funds, 567 F.2d 225 (stating that the lower court properly held that Morgan Lewis would have been disqualified if it sued or attempted to sue Andersen where Andersen was "a current and actual client" at the time Morgan Lewis accepted the retainer from the plaintiff). As this Court stated:

> Because concurrent representation is 'prima facie improper,' it is incumbent upon the attorney to 'show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation.' **We have noted that this is 'a burden so heavy that it will rarely be met.'** In this respect, it will not suffice to show that the two matters upon which an attorney represents existing clients are unrelated. 'The lawyer who would sue his own client, asserting in justification the lack of 'substantial relationship' between the litigation and the work he has undertaken to perform for that client, is leaning on a slender reed indeed.'

GSI Comm. Sols., Inc. v. BabyCenter, L.L.C., 618 F.3d 204, 209-10 (2d Cir. 2010), citing Cinema 5, 528 F.2d at 1387; Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 749 (2d Cir. 1981) (emphasis added). In addition, the New York Rules of Professional Conduct expressly forbid a lawyer from undertaking or continuing a "representation [that] will involve the lawyer in representing differing interests" without the informed consent of each affected client. N.Y. Rules of Prof'l Conduct R. 1.7(a)(1).

For purposes of a motion for disqualification based on the concurrent representation of adverse clients, an attorney and his or her firm are treated as

6

one, because any conflict on the part of the attorney is imputed to the firm. See Cinema 5, 528 F.2d at 1386; Hempstead, 409 F.3d at 133; United States v. Nabisco, Inc., No. CV-86-3277, 1987 WL 14085, at *3 (E.D.N.Y. July 10, 1987); N.Y. Rules of Prof'l Conduct R. 1.10(a) ("While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7 . . . ."); ABA Model Rules of Prof'l Conduct R. 1.10(a); see also N.Y. Lawyer's Code of Prof'l Responsibility DR 5-105(D).

The federal courts' authority to disqualify attorneys "derives from their inherent power to 'preserve the integrity of the adversary process.'" Hempstead, 409 F.3d at 132 (quoting Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979)). In deciding a disqualification motion, a Court should "attempt to balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." Hempstead Video, 409 F.3d at 132. Ultimately, however, a client's right to choice of counsel "must yield . . . to considerations of ethics which run to the very integrity of our judicial process." Hull v. Celanese Corp., 513 F.2d 568, 572 (2d Cir. 1975).

Moreover, "[a]ny doubt is to be resolved in favor of disqualification." Hull, 513 F.2d at 572; see also Emle Indus., Inc. v. Patentex, Inc., 478 F.2d 562, 571 (2d Cir. 1973) ("The dynamics of litigation are far too subtle, the attorney's role

7

in that process is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case.").

## LOCKE LORD SHOULD BE DISQUALIFIED FOR SIMULTANEOUSLY REPRESENTING ADVERSE PARTIES WITHOUT THEIR CONSENT

B&F initially engaged Locke Lord (then known as Locke Liddell & Sapp), through partner Roy W. Hardin, many years ago with respect to a wide array of trademark, copyright and other intellectual property matters. In late December 2015, Locke Lord, through Mr. Hardin, advised that it could no longer represent B&F because "a review of this firm's current relationship with the Company indicates to us that cessation of that representation is appropriate at this time." (See Meyer Decl., Ex. 1 thereto.) At the time Mr. Hardin wrote that letter, unbeknownst to B&F, Locke Lord had been leading a lawsuit against its client B&F on behalf of another set of clients, the Plaintiffs in this action. Locke Lord's representation of the Victorinox Parties in this proceeding resulted in the entry of a substantial judgment entered by the District Court against B&F. (See Tricarico Decl., Ex. A and C thereto.)

Locke Lord's concurrent representation of B&F and the Victorinox Parties is "'prima facie improper.'" Hempstead, 409 F.3d at 133, quoting Cinema 5, Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir.1976)). Locke Lord's representation of the Victorinox Parties, while at the same time, still representing

8

B&F, created a conflict of interest that is imputed to the entire firm, thereby precluding Locke Lord and its attorneys, including Mr. Weild, Mr. Radding and Mr. Tenney, from representing the Victorinox Parties herein. See, e.g., Hempstead, 409 F.3d at 133; Cinema 5, 528 F.2d at 1386; United States v. Nabisco, Inc., No. CV-86-3277, 1987 WL 14085, at *3 (E.D.N.Y. July 10, 1987). This is especially so here where B&F was not merely a one-time client of Locke Lord, but rather, Locke Lord has represented B&F in over more than 70 matters, a number of which relate to the same subject matter that it is at issue in this lawsuit. (See Meyer Decl., ¶¶11-12 and Ex. 3 thereto.) Yet, instead of immediately advising B&F of this unmistakable conflict, Locke Lord continued to represent the Victorinox Parties in this action against B&F, while at the same time, representing B&F in a plethora of other matters. This dual representation continued for nearly a year after Locke Lord's merger with Edwards Wildman Palmer LLP. The Appellants' Motion to disqualify Locke Lord should be granted for these reasons alone.

Locke Lord's representation of the Victorinox Parties against B&F is also prohibited under the New York Rules of Professional Conduct. Rule 1.7(a) forbids "representation [that] will involve the lawyer in representing differing interests" without the informed consent of each affected client. N. Y. Rules of Prof'l Conduct R. 1.7(b)(3), and a New York State Bar Association Comment

9

expressly provides that "[t]he duty to avoid the representation of differing interest prohibits, among other things, undertaking representation directly adverse to a current client without that client's informed consent." Id. Comment 6. The Comment explains that "absent consent, a lawyer may not advocate in one matter against another client that the lawyer represents in some other matter, even when the matters are wholly unrelated." Id. Locke Lord should not be permitted to violate these fundamental tenets of legal ethics.

## CONCLUSION

For all the foregoing reasons, the Appellants respectfully request that their Motion to disqualify Plaintiffs' counsel Locke Lord be granted in its entirety, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 12, 2016

CARROLL MCNULTY & KULL LLC

/s/
Christopher R. Carroll (CC-0300)
Michael J. Tricarico (MT-5332)
Douglas J. Steinke (DS-9987)
570 Lexington Avenue, 8th Floor
New York, New York 10022
(212) 252-0004

-and-

GRAUBARD MILLER

                /s/
_____
Joseph H. Lessem (JL-1522)
The Chrysler Building
405 Lexington Avenue – 11th floor
New York, NY 10174
(212) 818-8800